**United States District Court**
For the Northern District of California

**\*E-Filed 4/15/11\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,                    No. C 10-4676 RS

      Plaintiff,                    **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

    v.

DARRELL REED individually and dba
STATIONARY SCAFFOLD,

      Defendant.
_____/

## I.  BACKGROUND

Plaintiff United States of America filed suit against defendant Darrell Reed individually and as the sole proprietor of Stationary Scaffold, a construction equipment rental business.  The government seeks to reduce to judgment taxes owned by Reed as an employer and as an individual. After Reed failed to answer the complaint or otherwise make an appearance in the case, default was entered by the Clerk of Court.  The government subsequently filed this motion for entry of default judgment.  Although Reed was served with notice of the hearing held on March 31, 2011, he did not respond to the motion or appear at the hearing.  For the reasons stated below, the government's motion for entry of judgment is granted.

As an employer, Reed is required to withhold federal income taxes and Federal Insurance Contributions Act (FICA) taxes from his employees' wages.  *See* 26 U.S.C. §§ 3102, 3402.  He must also pay his own portion of FICA taxes and Federal Unemployment Tax Act (FUTA) taxes.

§§ 3111, 3301.  Along with these obligations, Reed is required to file: (1) Employer's Quarterly Federal Tax Returns (Form 941) reporting the income and FICA taxes withheld from his employees' wages, as well as his own FICA taxes; and (2) Employer's Annual Federal Unemployment Tax Returns (Form 940) reporting FUTA taxes.  §§ 6011, 6071.

According to the complaint, Reed filed Forms 941 and Forms 940, but at times failed to pay the total amounts described within those returns.  In particular, he owes payroll taxes for the tax quarters ending September 30, 2001, June 30, 2004, September 30, 2004, December 31, 2004, and December 31, 2007 and for the full tax years of 2005, 2008, and 2009.  He owes FUTA taxes for the 2008 tax year.  Additionally, Reed has not paid individual income tax on his self-employment income for the past twelve years.  In 2008 and 2009, Reed failed even to file his Individual Income Tax Returns Forms 1040.

As of the date of the complaint, the Internal Revenue Service has assessed FICA taxes owed by Reed through March 31, 2009, FUTA taxes for 2008, and income taxes for the tax years 1999 through 2007.  The amount due as of September 27, 2010, with assessed interest and penalties, includes $219,655.36 for FICA and FUTA taxes and $333,540.75 for income taxes.  By declaration filed with its motion for default judgment, the United States submitted evidence that the sum outstanding as of February 28, 2011, including unassessed interest and penalties, now amounts to $225,986.00 in payroll taxes and $338,891.61 in income taxes.  Accordingly, the government seeks entry of judgment in the total amount of $564,877.61.

## II.  DISCUSSION

Following entry of default, a district court may in its discretion grant default judgment.  *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising its discretion, the court considers the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In determining whether to grant default judgment, all factual allegations in the plaintiff's

United States District Court
For the Northern District of California

complaint are taken as true, except for those related to damages. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

In this case, the *Eitel* factors strongly weigh in favor of entering default judgment. Reed has failed to pay taxes, either fully or in part, over a span of years longer than a decade. As the United States is apparently otherwise unable to collect the taxes owed, denial of default judgment risks continuing losses and thus prejudice to the plaintiff. The merits of the government's suit and the adequacy of its complaint are well established, as the amounts presently assessed by the IRS are based on tax forms filed by Reed. For the same reason, the material facts of the case do not appear reasonably subject to dispute. Although a relatively large sum of money is involved, it represents liabilities accrued by Reed both as an employer and as an individual over multiple tax years. With respect to the possibility of excusable neglect, the United States filed its complaint on January 3, 2011 and Reed's answer was due on January 24, 2011. Although he was served with the motion for entry of default judgment, Reed has made no appearance in the case. Finally, while resolution on the merits is preferable, the length of this tax controversy and Reed's failure to appear in the case suggest that resolution on the merits represents a highly unlikely outcome. In sum, the United States has demonstrated that it is entitled to entry of default judgment.

III. CONCLUSION

The United States' motion for entry of default judgment against Reed in the amount of $564,877.61 is granted.


IT IS SO ORDERED.


Dated: 4/15/11

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE